**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3073-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL E. MITCHELL,
a/k/a MICHAEL MITCHELL,

     Defendant-Appellant.

_____

Argued March 16, 2021 – Decided April 5, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-05-0525.

Emma R. Moore, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Emma R. Moore, of counsel and on the briefs).

Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Joie D. Piderit, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Michael Mitchell appeals from a November 2, 2018 order denying his motion to correct an illegal sentence and a January 23, 2019 order denying his motion for reconsideration. We affirm.

We previously recounted the facts leading to defendant's conviction in State v. Mitchell, No. A-3259-15 (App. Div. Mar. 26, 2018) (slip op. at 3-7). In brief, on December 8 and 19, 2011, and January 5 and 12, 2012, co-defendants Mack Mitchell and Emendo Bowers robbed four cell phone stores in Middlesex County while defendant acted as their look-out and driver. Ibid.

Defendant was charged in a twenty-count indictment, which included four counts of first-degree robbery, N.J.S.A. 2C:15-1. Mitchell, slip op. at 2-3. His co-defendants were also charged in the indictment. Ibid.

> [Defendant] was tried by a jury, which returned a guilty verdict for theft by unlawful taking (counts three, eight, and eighteen); conspiracy to commit robbery (counts seven and seventeen); possession of a weapon for unlawful purpose (counts ten and twenty); and first-degree robbery (count sixteen). [He] was found not guilty of counts one, two, five, and six. The jury was unable to reach a verdict on counts eleven, twelve, and fifteen, which the State dismissed.
>
> [Ibid.]

2

Defendant had two prior first-degree robbery convictions. Therefore, pursuant to N.J.S.A. 2C:43-7.1(a), he was eligible for life imprisonment without parole because he incurred a third first-degree robbery conviction. At his sentencing, defense counsel argued the statute was inapplicable because defendant was the driver and did not commit the armed robbery, as was the case in his two prior convictions. Counsel argued N.J.S.A. 2C:43-7.1(a) was inapplicable because it required the offenses to be "substantially equivalent" to one another.

The sentencing judge disagreed and stated:

> There is no requirement anywhere in the statute or any case law that I could find that says [the] . . . actual conduct has to be similar.
>
> Our [L]egislature made accomplice liability . . . practically the same as the actual actor pointing the gun. If the . . . [L]egislature wanted to differentiate in terms of culpability and punishment . . . they've had years and years to do that, and they've never chosen to do so. So, this [c]ourt assumes . . . that the . . . [L]egislature's intent and the clear meaning of the law is that whether you're an accomplice out in a car or whether you're the guy in the store, it's first[-]degree armed robbery.

The sentencing judge imposed a life sentence without parole, and defendant appealed from the conviction and the sentence.

3

On direct appeal, defense counsel raised arguments relating to the suppression of defendant's statement to police and the jury deliberations. Mitchell, slip op. at 10. Defendant's supplemental pro se brief raised the following points:

> POINT I – [DEFENDANT] SUBMITS THAT HE SHOULD NOT HAVE RECEIVED A LIFE SENTENCE FOR THE JANUARY 12, 2012 ROBBERY.
>
> POINT II – [DEFENDANT] SHOULD [NOT] (sic) RECEIVE A LIFE SENTENCE BECAUSE THIS CONVICTION IS NOT SUBSTANTIALLY EQUIVALENT TO HIS TWO PRIOR CONVICTIONS.
>
> [Mitchell, slip op. at 11 (alterations in original).]

We affirmed defendant's convictions and sentence. Mitchell, slip op. at 25. Citing the sentencing judge's findings, we stated: "The sentencing court correctly analyzed defendant's prior convictions and correctly applied N.J.S.A. 2C:43-7.1(a). Based on defendant's prior convictions for first-degree robbery, defendant must receive a term of life imprisonment." Ibid.

Defendant filed a motion pursuant to Rule 3:21-10(b)(5) to correct an illegal sentence, which the motion judge heard in November 2018. Defense counsel argued "the sentence is illegal because [defendant] was convicted of robbery under an accomplice liability theory." In support of counsel's argument,

4

defendant explained "my argument was that being that I was convicted through the . . . accomplice liability [statute], which is [N.J.S.A.] 2C:2-6, that that doesn't fall under . . . one of the provisions of the life imprisonment statute." The motion judge made the following findings:

> On the first-degree robbery conviction [defendant] received a sentence of life in prison without parole, pursuant to N.J.S.A. 2C:43-7.1(a) because he had been convicted of first-degree robberies under N.J.S.A. 2C:15-1 on two prior occasions. . . .
>
> . . . .
>
> Presently before the [c]ourt is [defendant's] application contending that the sentence of life imprisonment should not be upheld because one of his convictions was on the theory of accomplice liability under [N.J.S.A.] 2C:2-6 and that [N.J.S.A.] 2C:2-6 is not one of the enumerated statutes that are set forth under the provision of [N.J.S.A.] 2C:43-7.1 which is a qualifying conviction for the imposition of a life sentence.
>
> Generally, the law of the case doctrine precludes a [c]ourt from reexamining an issue that's already been decided by the same [c]ourt or higher Appellate Court in the same case.
>
> In State [v.] Mitchell the Appellate Division . . . reviewed the sentencing [c]ourt's decision to impose a life sentence upon [defendant] and determined that the defendant had three first-degree robbery convictions, that the most recent one was his third, and that therefore he qualified for life imprisonment.

5

. . . And the Appellate Division indicated there's no requirement in the statute or case law that says that the actual conduct ha[s] to be similar.

The Appellate Division found that the sentencing [c]ourt properly analyzed defendant's prior convictions and correctly applied [N.J.S.A.] 2C:43-7.1(a).

This [c]ourt feels it is bound by the Appellate Division decision upholding [defendant's] life sentence in his case. And even if this [c]ourt was not bound by the Appellate Division decision . . . the [c]ourt finds that [defendant's] contention that he was convicted of armed robbery solely on the theory of accomplice liability under [N.J.S.A.] 2C:2-6 lacks merit.

In fact, . . . the sentencing [c]ourt and the Appellate Division stated [defendant] was convicted o[f] armed robbery . . . under . . . [N.J.S.A.] 2C:15-1. The accomplice liability does count as a prior robbery conviction under [N.J.S.A.] 2C:15-1, which is a qualifying statute under the life imprisonment statute.

The [c]ourt finds that he has, therefore, three robbery convictions and therefore subject to the mandatory life imprisonment of [N.J.S.A.] 2C:43-7.1(a). Therefore, this [c]ourt will deny his motion to correct an illegal sentence.

On January 23, 2019, the motion judge denied defendant's motion for reconsideration.

Defendant raises the following points on this appeal:

POINT I – [DEFENDANT] COULD NOT HAVE BEEN CONVICTED OF FIRST-DEGREE ROBBERY ABSENT THE VICARIOUS LIABILITY CREATED

6

BY N.J.S.A. 2C:2-6(C). AS SUCH, HE WAS NOT CONVICTED "UNDER" N.J.S.A. 2C:15-1 AND NOT ELIGIBLE FOR A SENTENCE OF LIFE WITHOUT PAROLE.

> A. Because of the Gravity of a Sentence of Life Without Parole, Courts Have Always Strictly Limited the Applicability of the "Three Strikes" Law.

> B. [Defendant] Was Not and Could Not Have Been Convicted Under N.J.S.A. 2C:15-1 Alone.

> C. Because He Was Not Convicted "Under" 2C:15-1, [Defendant] Was Not Eligible for Life Without Parole.

Defendant's reply brief raises the following points:

> POINT I. THE ISSUE CURRENTLY BEFORE THIS COURT HAS NOT YET BEEN LITIGATED AND CONCERNS AN ILLEGAL SENTENCE. THEREFORE, THIS COURT IS NOT BARRED FROM HEARING IT.

> A. Defendant's Pro Se Brief on Direct Appeal Argued That The Three Strikes Law Was Inapplicable Because His Three Convictions Were Not Factually Similar To Each Other.

> B. The Present Motion Turns On the Fact That the Statute of Conviction – the Accomplice Liability Statute – Is Not Among the Enumerated Statutes Eligible For Three-Strikes Sentencing.

> C. Because the Two Issues Differ and Because Illegal Sentences Can Be Corrected At Any Time, the Motion Is Not Barred.

7

"[A] truly illegal sentence can be corrected at any time." State v. Zuber, 442 N.J. Super. 611, 617 (App. Div. 2015), rev'd on other grounds, 227 N.J. 422 (2017) (alteration in original) (internal citations and quotations omitted). "A sentence is illegal if it . . . is 'not imposed in accordance with law' . . . ." State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018) (quoting State v. Acevedo, 205 N.J. 40, 45 (2011)). "Whether [a] defendant's sentence is unconstitutional is an issue of law subject to de novo review." Zuber, 442 N.J. Super. at 618 (citing State v. Pomianek, 221 N.J. 66, 80 (2015)).

At the outset, we note the law of the case doctrine does not apply because defendant did not raise the same argument in the prior appeal. As we noted, defendant's initial appeal challenged his sentence based on whether the sentencing judge "correctly analyzed defendant's prior convictions and correctly applied N.J.S.A. 2C:43-7.1(a)" to determine whether the first two robbery convictions were "substantially equivalent" to his third conviction as defined in that statute. Mitchell, slip op. at 25. Defendant's argument on the Rule 3:21-10(b)(5) motion was that the accomplice liability statute, N.J.S.A. 2C:2-6(c), was not included in N.J.S.A. 2C:43-7.1(a), and therefore defendant could not be sentenced to life imprisonment. Neither the sentencing judge nor we, on the initial appeal, adjudicated this issue.

8

Defendant argues his sentence of life imprisonment without parole under N.J.S.A. 2C:43-7.1(a) is illegal because he "did not perform the actions criminalized by any of the six statutes [enumerated in N.J.S.A. 2C:43-7.1(a)], but rather was convicted by way of a separate vicarious liability statute, N.J.S.A. 2C:2-6." Defendant asserts "without the intervention of an additional statute [N.J.S.A. 2C:2-6], [he] could not have been convicted of robbery – let alone first-degree robbery" because he did not "inflict[] bodily injury or use[] force upon another; . . . threaten[] another with or purposely put[] him in fear of immediate bodily injury; or . . . commit[] or threaten[] immediately to commit any crime of the first or second degree." He argues he did not commit first-degree robbery because he did not, "in the course of committing the theft, . . . attempt[] to kill anyone, or purposely inflict[] or attempt[] to inflict serious bodily injury," nor was he "armed with, or use[] or threaten[] the immediate use of a deadly weapon." He asserts, because his co-defendants committed the robbery while he waited in the vehicle, "[h]e did not satisfy any of the four prongs of a first-degree robbery charge and therefore could not be 'convicted under'" N.J.S.A. 2C:15-1.

Defendant urges us to strictly construe the words in N.J.S.A. 2C:43-7.1(a). He argues because N.J.S.A. 2C:43-7.1(a) states it applies only to individuals

convicted "under" certain crimes, including N.J.S.A. 2C:15-1, and not convicted "of" these crimes, those convicted of crimes under N.J.S.A. 2C:2-6 do not fall within the ambit of N.J.S.A. 2C:43-7.1(a).

When we interpret a statute, "our task is to effectuate the legislative intent in light of the language used and the objects sought to be achieved." State v. Maguire, 84 N.J. 508, 514 (1980). "The best indicator of [the Legislature's] intent is the plain language chosen by the Legislature." State v. Frye, 217 N.J. 566, 575 (2014).

> It is axiomatic that a statute will not be construed to lead to absurd results. All rules of construction are subordinate to that obvious proposition. The rule that a penal statute should be strictly construed does not mean that a ridiculous result shall be reached because some ingenious path may be found to that end. Rather it means that a statute shall not be extended by tenuous interpretation beyond the fair meaning of its terms lest it be applied to persons or conduct beyond the contemplation of the Legislature. In part that rule also is designed to avoid surprise to the citizen who conscientiously seeks to stay within the law.
>
> [State v. Provenzano, 34 N.J. 318, 322 (1961).]

"Yet another principle is the assumption that the Legislature is thoroughly conversant with its own legislation and the judicial construction of its statutes." Brewer v. Porch, 53 N.J. 167, 174 (1969). "We assume that when the Legislature

drafts a statute, it avoids surplusage." Fraternal Ord. of Police, Newark Lodge No. 12 v. City of Newark, 244 N.J. 75, 99 (2020).

N.J.S.A. 2C:43-7.1(a) states:

> A person convicted of a crime under any of the following:  N.J.S.[A.] 2C:11-3 [murder]; subsection a. of N.J.S.[A.] 2C:11-4 [aggravated manslaughter]; a crime of the first degree under N.J.S.[A.] 2C:13-1 [kidnapping], paragraphs (3) through (6) of subsection a. of N.J.S.[A.] 2C:14-2 [sexual assault]; N.J.S.[A.] 2C:15-1 [robbery]; or . . . [N.J.S.A.] 2C:15-2 [carjacking], who has been convicted of two or more crimes that were committed on prior and separate occasions, regardless of the dates of the convictions, under any of the foregoing sections or under any similar statute of the United States, this State, or any other state for a crime that is substantially equivalent to a crime under any of the foregoing sections, shall be sentenced to a term of life imprisonment by the court, with no eligibility for parole.
>
> [N.J.S.A. 2C:43-7.1(a).]

Defendant was not convicted of N.J.S.A. 2C:2-6.  Rather, N.J.S.A. 2C:2-6 was the means by which the jury found him liable and convicted him of first-degree robbery under N.J.S.A. 2C:15-1.  Our Supreme Court long ago explained "[t]he distinction between principal and accomplice or aider and abettor has been abolished in our jurisdiction for purposes of indictment and punishment." State v. Cooper, 10 N.J. 532, 568 (1952).  Therefore, merely because defendant was the driver did not make him any less culpable of first-degree robbery than his

11

co-defendants. The Legislature is not required to engraft a theory of liability onto N.J.S.A. 2C:43-7.1(a) because it is unnecessary to achieve the intent of the statute and doing so would create surplusage.

N.J.S.A. 2C:43-7.1(a) is unambiguous and clearly manifests the Legislature's intent to impose life without the possibility of parole for defendants with three first-degree robbery convictions. The plain language of the statute does not indicate a legislative intent to the limit the penalty to principals who commit the enumerated offenses while excluding their accomplices.

Finally, and contrary to defendant's argument, because the statute is unambiguous, the doctrine of lenity does not apply. See State v. D.G.M., 439 N.J. Super. 630, 641 (App. Div. 2015). To the extent we have not addressed an argument raised by defendant, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3073-18